Ethan Jacobs (SBN 291838)
Ethan Jacobs Law Corporation
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 275-0845
ethan@ejacobslaw.com

Attorneys for Plaintiff
Extend, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Extend, Inc.,<br><br>                    Plaintiff,<br><br>          v.<br><br>My Pillow, Inc.,<br><br>                    Defendant. | Case No.: 3:24-cv-6152<br><br>**COMPLAINT FOR BREACH OF CONTRACT** |

Plaintiff Extend, Inc. ("Extend") asserts the following claims against Defendant My Pillow, Inc. ("My Pillow" or "Defendant").

## NATURE OF ACTION

1.      This is an action for breach of contract arising out of My Pillow's failure to make $564,151.39 of payments it promised to pay Extend under a March 2024 Termination Agreement.

## JURISDICTION AND VENUE

1.      Plaintiff Extend, Inc. is a corporation organized under the laws of Delaware, with its principal place of business in San Francisco, California.

2.      On information and belief, Defendant My Pillow, Inc. is a corporation incorporated under the laws of Minnesota, with its principal place of business in Chaska, Minnesota.

3.      The amount in controversy exceeds $75,000 exclusive of fees and costs. Accordingly, this Court has diversity jurisdiction under 28 U.S.C. § 1332.

4.     My Pillow is subject to personal jurisdiction in this Judicial District because it consented to personal jurisdiction in this District in "[a]ny legal action or proceeding arising under" the March 29, 2024 Termination Agreement that gives rise to this lawsuit (the "Termination Agreement"). *See* the Termination Agreement, a true and correct copy of which is attached as **Exhibit A**, Section 5.

5.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the acts, events, and omissions giving rise to Plaintiff's claims occurred in this judicial district and because Plaintiff and Defendant consented to venue in this District in "[a]ny legal action or proceeding arising under" the Termination Agreement. *See* Termination Agreement, Section 5.

## DIVISIONAL ASSIGNMENT

6.     A substantial part of the events and omissions that gave rise to the claims in the Complaint—the breach of contract—occurred in San Francisco county, and accordingly assignment to the San Francisco Division is warranted.

## THE PARTIES

7.     Plaintiff Extend, Inc. ("Extend") is a San Francisco-based company that helps merchants offer customers shipping and product protection.

8.     My Pillow, Inc. ("My Pillow") is a pillow manufacturer and retailer based in Chaska, Minnesota.

## COMMON FACTUAL ALLEGATIONS

9.     In November 2022, My Pillow and Extend entered into a contract under which Extend would provide My Pillow's customers with certain shipping and product protection services in exchange for a percentage of revenues generated by the sale of those services (the "Agreement").

10.     In March 2024, My Pillow was overdue on amounts it owed to Extend under the Agreement. And so, on March 29, 2024, the parties entered into a Termination Agreement under which the Agreement was terminated and My Pillow agreed to the following payment schedule:

- April 3, 2024: $75,000

- April 17, 2024: $100,000

- May 8, 2024: $100,000

- May 29, 2024: $125,000

- June 12, 2024: $53,352.17, plus "any additional amount due and owing under the Agreement related to the sale of Extend services during the month of March 2024."

*See* Termination Agreement, Section 3.

11.   The amount My Pillow owed under the Agreement related to the sale of Extend services during March 2024 is $110,799.22.

12.   On April 4, 2024, Extend emailed My Pillow an invoice for the March 2024 amount along with a spreadsheet detailing the transactions that account for the amounts shown on the invoice. A true and correct copy of the final invoice, with financial account information redacted, is attached as **Exhibit B**.

13.   In May 2024, after My Pillow failed to make any of the payments under the Termination Agreement, outside counsel for Extend sent a letter to My Pillow to demand payment.

14.   After repeated further inquiries, Mike Lindell, Chief Executive Officer of My Pillow, emailed on June 23, 2024 that he "[w]ill connect this week." But Mr. Lindell did not connect, and never did.

15.   Further, My Pillow has ignored repeated inquiries and demand for payment since June 2024 and has not paid any of the amounts due under the Termination Agreement.

## FIRST CAUSE OF ACTION

### (Breach of Written Contract)

16.   Extend hereby re-alleges the allegations set forth in the paragraphs above.

17.   Extend and My Pillow entered into the Termination Agreement under which My Pillow agreed to make the payments on the schedule set out in Section 3.

18.   Extend did all of the significant things that the Termination Agreement required it to do or was excused from having to do those things.

19.   My Pillow breached the Termination Agreement by failing to make the payments required under Section 3 on the schedule it set out.

20.   As a direct and proximate result of My Pillow's breach of contract, Extend has

3

suffered damages.

WHEREFORE, Extend seeks judgment as set forth herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Extend demands judgment on this Complaint and an award of monetary relief against My Pillow as follows:

1.      compensatory damages in an amount to be determined at trial;

2.      costs of suit;

3.      awardable pre- and post-judgment interest at the maximum legal rate; and

4.      entry of an Order for any further relief as the Court may deem just and proper.

Dated:  August 30, 2024                              ETHAN JACOBS LAW CORPORATION


                                                     By:     /s/ Ethan Jacobs
                                                             ETHAN JACOBS
                                                             Attorneys for Plaintiff
                                                             Extend, Inc.

COMPLAINT

# Exhibit A

## TERMINATION AGREEMENT

This termination agreement (this "Termination Agreement") is entered into by and between My Pillow, Inc. ("MyPillow") and Extend, Inc. ("Extend") (collectively with MyPillow, the "Parties"), dated as of the date last executed below.

WHEREAS, the Parties entered into an agreement dated effective November 22, 2022 whereunder Extend agreed to allow MyPillow to provide its customers with certain shipping and product protection services, and in exchange MyPillow agreed to pay Extend a certain percentage of revenues generated by the sale of said services to MyPillow customers (the "Agreement"); and

WHEREAS, MyPillow owes Extend a total of $453,352.17 as of the end of February 2024 according to the terms of the Agreement; and

WHEREAS, the Parties wish to terminate the Agreement, end their business relationship, and arrange for a schedule of payments for MyPillow to pay the amount due and owing under the Agreement.

NOW, THEREFORE, the Parties agree as follows:

1. **Termination.**  Effective April 1, 2024 (the "Termination Date"), the parties terminate the Agreement. As of the Termination Date, Extend will no longer offer its shipping and product protection services to MyPillow, and the Agreement will be void and of no further binding effect.

2. **Release.**  Effective as of the Termination Date, each Party hereby releases any claim it may have against the other party that arises out of the Agreement. However, any obligations of either party that are expressly stated to survive termination of the Agreement are not released by this Termination Agreement. In addition, the obligations of the Parties under this Termination Agreement are not released by this section.

3. **Payment of Amount Due.** MyPillow shall pay to Extend the full amount that, as of the Termination Date, is due and owing under the Agreement, according to the following schedule of payments:

   - On April 3, 2024, MyPillow shall pay Extend $75,000.
   - On April 17, 2024, MyPillow shall pay Extend $100,000.
   - On May 8, 2024, MyPillow shall pay Extend $100,000.
   - On May 29, 2024, MyPillow shall pay Extend $125,000.
   - On June 12, 2024, MyPillow shall pay Extend $53,352.17, plus any additional amount due and owing under the Agreement related to the sale of Extend services during the month of March 2024.

4. **Covenant Not to Sue.** Each Party hereby covenants to the other Party that, with respect to any claim or obligation released by this Termination Agreement, it will not directly or indirectly undertake, encourage, solicit, or voluntarily assist or participate in any way in initiating, filing, reporting, or prosecuting, by itself or any third party, of a suit, arbitration, mediation, or claim, including a third-party or derivative claim, against the other party relating to that released claim or obligation.

5. **Governing Law; Choice of Forum.** This Agreement will be governed by and interpreted in accordance with the laws of the State of California, without giving effect to any principles of conflict of laws. Any legal action or proceeding arising under this Agreement will be brought exclusively in the federal or state courts located in San Francisco, California and the parties hereto irrevocably consent to personal jurisdiction and venue therein.

6. **Entire Agreement.** This Termination Agreement constitutes the final agreement of the Parties with respect to the subject matter hereof, and it is the complete and exclusive expression of the Parties' agreement with respect to the subject matter hereof. All prior and contemporaneous communications, negotiations, and agreements between the Parties relating to the subject matter of this Termination Agreement are expressly merged into and superseded by this Termination Agreement. The provisions of this Termination Agreement

Page 2 of 3

may not be explained, supplemented, or qualified by evidence of trade usage or a prior course of dealings. Neither party was induced to enter this Termination Agreement by, and neither Party is relying on, any statement, representation, warranty, or agreement of the other Party except those set forth expressly in this Termination Agreement.  Except as set forth expressly in this Termination Agreement, there are no conditions precedent to this Termination Agreement's effectiveness.

7. **Effectiveness.**  This Termination Agreement will become effective when both Parties have signed it. The date that this Termination Agreement is signed by the last Party to sign it (as indicated by the date associated with that Party's signature) will be deemed the date of this Termination Agreement.

IN WITNESS WHEREOF, the undersigned Parties have executed this Termination Agreement as of the dates indicated below:

MY PILLOW, INC.

Date: 3-29-24

By: _____
Name: Darren Lindell
Title: COO

EXTEND, INC.

Date: 3-29-24

By: _____
Name: Thomas Elmore
Title: Director, Growth Strategy

Page 3 of 3

Exhibit B



# INVOICE

EXTEND, INC.
440 BARRANCA AVENUE
COVINA CA 91723
UNITED STATES
ar@extend.com

**TERMS:** Net 30
**INVOICE #:** INV0015385
**DATE:** 3/31/2024

**BILL TO**
MY PILLOW INC
1550 AUDUBON ROAD
CHASKA MN 55318
UNITED STATES

## TOTAL DUE

# $110,799.22 (USD)

**DUE DATE: 4/30/2024**

| ITEM | AMOUNT |
|------|--------|
| **Service Contract Fee**<br>Gross Service Contract Fee for March 2024 | $608.76 |
| **Shipping Protection Program Participation Fees**<br>Shipping Protection Program Participation Fees For March 2024 | $129,635.84 |
| **Shipping Protection Merchant Compensation**<br>Shipping Protection Merchant Compensation For March 2024 | $-19,445.38 |

March 2024 Activity

**Please wire/ACH funds to:**



**Via ACH**

**Via Wire**

**Please remit checks to:**

*Via postal mail (USPS) -*
EXTEND RECEIVABLES 7289
P.O. BOX 102961
PASADENA CA 91189-2961
UNITED STATES

*Via courier (FedEx, UPS, etc.) -*
JPMORGAN CHASE
ATTN: [EXTEND RECEIVABLES 7289]
2710 MEDIA CENTER DR.
BUILDING # 6, SUITE # 120
LOS ANGELES CA 90065
UNITED STATES

| | |
|---|---|
| **SUBTOTAL** | $110,799.22 (USD) |
| **TOTAL** | $110,799.22 (USD) |
| **AMOUNT PAID/CREDIT** | $0.00 (USD) |
| **AMOUNT DUE** | $110,799.22 (USD) |

*If you have any questions about this invoice, please contact the*
*Extend Billing Team at*
*ar@extend.com*